IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GAGE LAWRENCE CARNEFIX,<br><br>Defendant. | CR 19-10-BU-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated the conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 77.)

On March 19 and 26, 2025, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to a term of time served, followed by 120 months supervised release. It is also recommended that as a condition of supervised release, Defendant be required to complete a program for inpatient substance abuse treatment and mental health counseling at Connections and Corrections Program West ("CCP West") for a period of not less than 60 days, followed by a placement in a sober living facility for a period of 180 days.

1

## I. BACKGROUND

In August 2019, Defendant pleaded guilty to two counts of receipt of child pornography. (Doc. 30.) On November 21, 2019, the Court sentenced Defendant to 60 months incarceration followed by 10 years of supervised release. (Doc. 45.)

On August 7, 2024, Defendant's supervised release was revoked, and he was sentenced to three months incarceration, followed by 120 months of supervised release. (Doc. 71.) Defendant began his current term of supervised release on October 4, 2024.

On February 14, 2025, the United States Probation Office filed a petition alleging that Defendant violated nine conditions of his supervised release. (Doc. 75.) An amended petition was filed on March 14, 2025 alleging two additional violations. (Doc. 84.)

## II. FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Steven Babcock. Benjamin Hargrove represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all the violations as alleged in the amended petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is I, and the two underlying offenses are class C felonies. Under those circumstances, the statutory maximum sentence for each count is 24 months incarceration, and the United States Sentencing Guidelines call for 3-9 months incarceration. Defendant could also be sentenced to as much as a life term of supervised released. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested that Defendant be required to complete substance abuse treatment, but left to the Court's discretion whether to impose a term of custody prior to treatment. Defendant requested a sentence of time served, with the condition that Defendant complete inpatient substance abuse treatment at CCP West.

### III. ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

With respect to the nature and circumstances of the violations, all of the violations relate to, or are a consequence of, Defendant's use of controlled substances. Although the current violations primarily involve positive tests for THC, the Court considers the violations serious in light of Defendant's history of substance abuse, and the fact that commission of the underlying offense was related to his use of controlled substances. But other than Defendant's use of controlled substances, and other technical violations related to his use, Defendant has not committed any new crimes throughout his time on supervised release.

With respect to Defendant's history and characteristics, Defendant has no criminal history other than his underlying conviction in this case. Nevertheless, Defendant has demonstrated an inability and lack of motivation to comply with his conditions of release and comply with the instructions of his probation officer.

The undersigned has also considered the need to afford adequate deterrence to future violations and protect the public from further crimes. At his last revocation, Defendant was sentenced at the low-end of the guideline range which was not successful in deterring continued violations and use of illegal substances. A longer period of close supervision following Defendant's release from custody is, therefore, warranted to deter further violations and to monitor Defendant's conduct to protect the public from further crimes.

Finally, the undersigned has considered the need for future educational and correctional treatment. Defendant requires continued correctional treatment. He needs to participate in further substance abuse counseling and treatment, mental health counseling and treatment, and to remain in sex offender treatment. Defendant also requires vocational training to enable him to obtain adequate employment and secure housing. All of these interventions can be accomplished during his term of supervised release.

It is, therefore, recommended that as a condition of his supervised release that Defendant be placed at CCP West for a period of not less than 60 days to obtain inpatient substance abuse treatment and mental health counseling, followed by a placement in a sober living facility for a period of 180 days after completion of Defendant's inpatient treatment. This will allow Defendant the opportunity to participate in outpatient treatment, obtain steady employment, and facilitate his reentry into the community and hopefully will provide the Defendant with a foundation that will allow for success on supervised release.

Accordingly, the undersigned finds that a sentence of time served followed by 120 months supervised release is sufficient, but not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. § 3553(a).

/ / /

/ / /

## IV.   CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS**:

1. Defendant violated the standard condition that he must not communicate or interact with someone he knows is engaged in criminal activity, as alleged in Violation No. 1.

2. Defendant violated the standard condition that he must answer truthfully the questions asked by his probation officer, as alleged in Violation No. 2.

3. Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance, as alleged in Violation No. 3.

4. Defendant violated the special condition that he must participate in substance abuse treatment, as alleged in Violation No. 4.

5. Defendant violated the special condition that he must participate in substance abuse testing, as alleged in Violation No. 5.

6.      Defendant violated the mandatory condition that he must refrain from the unlawful use of a controlled substance, as alleged in Violation No. 6.

7.      Defendant violated the standard condition that he must not communicate or interact with someone he knows is engaged in criminal activity, as alleged in Violation No. 7.

8.      Defendant violated the standard condition that he must answer truthfully the questions asked by his probation officer, as alleged in Violation No. 8.

9.      Defendant violated the standard condition that he must follow the instructions of the probation officer related to the conditions of supervision, as alleged in Violation No. 9.

10.     Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance, as alleged in Violation No. 10.

11.     Defendant violated the special condition that he must participate in substance abuse testing, as alleged in Violation No. 11.

Accordingly, **IT IS RECOMMENDED** that the Court revoke Defendant's supervised release, and sentence Defendant to a term of time served, followed by 120 months supervised release.

**IT IS FURTHER RECOMMENDED** that the Court impose the following special conditions of supervised release:

1. Unless you receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the company of any child under the age of 18, [with the exception of your own children;] go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

2. You may own or possess only one internet-capable device as approved by the probation officer that has the ability to access sexually explicit materials. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow the probation officer to make unannounced examinations of all devices, hardware, and software, which may include the retrieval and copying of all data from your internet-capable device. You must allow the probation officer to install software to restrict or monitor your devices access. You must pay part or all of the costs of this monitoring as directed by the probation officer.

   You must not use any internet-capable device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.

   You must not possess encryption or steganography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

3. You must submit your person, and any property, residence, place of employment, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access,] to a search at a reasonable time and in a reasonable manner, with or without a warrant, by the

probation officer, or by any law enforcement officers upon the express direction of the probation officer, with reasonable suspicion concerning your violation of a condition of supervision or unlawful conduct. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

4. You must not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the probation officer.

5. All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer.

6. You must apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other financial gains to outstanding court-ordered financial obligations.

7. You must provide the probation officer with any requested financial information. You must not incur new lines of credit without prior approval of the probation officer. You must notify the probation officer of any material changes in your economic circumstances that might affect your ability to pay court-ordered financial obligations.

8. You must pay restitution in the amount of $15,000. You are to make payments at a rate of $200 per month, or as otherwise directed by United States Probation. Payment shall be made to the Clerk, United States District Court, P.O. Box 8537, Missoula, MT 59807.

9. You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

10. You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment

rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part or all of the costs of these examinations as directed by the probation officer.

11. You shall participate in and successfully complete inpatient substance abuse treatment at Connections and Corrections Program West (CCP West). This treatment shall be no less than 60 days. Upon successful completion, you shall reside at a sober living facility for 180 days (6 months) or another residence approved by US Probation to allow for completion of outpatient treatment. You shall not change this residence without prior approval of his US Probation Officer.

12. You must not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are primarily designed to arouse sexual desire, unless otherwise approved by the probation officer in conjunction with your sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5). You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the probation officer in conjunction with your sex offender treatment provider. You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

13. You must enter and successfully complete an outpatient sex offender treatment program as approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

14. You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

15. You must participate in substance abuse testing to include not more than 180 urinalysis tests, not more than 180 breathalyzer tests, and not

        more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

16. You must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt to obstruct or tamper with the testing methods. You must pay part or all of the costs of this treatment as directed by the probation officer.

17. You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

18. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

19. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

      DATED this 26th day of March, 2025.

                                                                    _____
                                                                    TIMOTHY J. CAVAN
                                                                      United States Magistrate Judge