IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–10–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| GAGE LAWRENCE CARNEFIX, | |
| Defendant. | |

Before the Court is United States Magistrate Judge Timothy J. Cavan's Findings & Recommendations Regarding Revocation of Supervised Release. (Doc. 88.) Because neither party objected, they are not entitled to *de novo* review. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Therefore, the Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Cavan found, based on Defendant Gage Lawrence Carnefix's admissions at the hearing, that he violated eleven conditions of supervised release:

1

(1) Defendant violated the standard condition that he must not communicate or interact with someone he knows is engaged in criminal activity, as alleged in Violation; (2) Defendant violated the standard condition that he must answer truthfully the questions asked by his probation officer, as alleged in Violation No. 2; (3) Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance, as alleged in Violation No. 3; (4) Defendant violated the special condition that he must participate in substance abuse treatment, as alleged in Violation No. 4; (5) Defendant violated the special condition that he must participate in substance abuse testing, as alleged in Violation No. 5; (6) Defendant violated the mandatory condition that he must refrain from the unlawful use of a controlled substance, as alleged in Violation No. 6; (7) Defendant violated the standard condition that he must not communicate or interact with someone he knows is engaged in criminal activity, as alleged in Violation No. 7; (8) Defendant violated the standard condition that he must answer truthfully the questions asked by his probation officer, as alleged in Violation No. 8; (9) Defendant violated the standard condition that he must follow the instructions of the probation officer related to the conditions of supervision, as alleged in Violation No. 9; (10) Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance, as alleged in Violation No. 10; and (11) Defendant violated the special condition that he must

participate in substance abuse testing, as alleged in Violation No. 11. (Docs. 84; 88.)

Judge Cavan recommends that this Court revoke Carnefix's supervised release and sentence him to a custodial sentence of time served, followed by 120 months of supervised release. (Doc. 88 at 7.) The Court finds no clear error in Judge Cavan's Findings and Recommendations and adopts them in full. Judge Cavan further recommends that the Court impose the following special conditions of supervised release:

1. Unless you receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the company of any child under the age of 18, [with the exception of your own children;] go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

2. You may own or possess only one internet-capable device as approved by the probation officer that has the ability to access sexually explicit materials.  If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device.  You must not own, possess, or use any additional devices without the prior written approval of the probation officer.  Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer.  You must allow the probation officer to make unannounced examinations of all devices, hardware, and software, which may include the retrieval and copying of all data from your internet-capable device.  You must allow the probation officer to install software to restrict or monitor your devices access. You must pay part or all of the costs of this monitoring as directed by the probation officer.

3

      You must not use any internet-capable device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.

      You must not possess encryption or steganography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

3. You must submit your person, and any property, residence, place of employment, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access,] to a search at a reasonable time and in a reasonable manner, with or without a warrant, by the probation officer, or by any law enforcement officers upon the express direction of the probation officer, with reasonable suspicion concerning your violation of a condition of supervision or unlawful conduct. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

4. You must not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the probation officer.

5. All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer.

6. You must apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other financial gains to outstanding court-ordered financial obligations.

7. You must provide the probation officer with any requested financial information. You must not incur new lines of credit without prior approval of the probation officer. You must notify

the probation officer of any material changes in your economic circumstances that might affect your ability to pay court-ordered financial obligations.

8. You must pay restitution in the amount of $15,000. You are to make payments at a rate of $200 per month, or as otherwise directed by United States Probation. Payment shall be made to the Clerk, United States District Court, P.O. Box 8537, Missoula, MT 59807.

9. You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

10. You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part or all of the costs of these examinations as directed by the probation officer.

11. You shall participate in and successfully complete inpatient substance abuse treatment at Connections and Corrections Program West (CCP West). This treatment shall be no less than 60 days. Upon successful completion, you shall reside at a sober living facility for 180 days (6 months) or another residence approved by US Probation to allow for completion of outpatient treatment. You shall not change this residence without prior approval of his US Probation Officer.

12. You must not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are primarily designed to arouse sexual desire, unless otherwise approved by the probation officer in conjunction with your sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and

any visual depiction as defined in 18 U.S.C. § 2256(5). You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the probation officer in conjunction with your sex offender treatment provider. You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

13. You must enter and successfully complete an outpatient sex offender treatment program as approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

14. You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

15. You must participate in substance abuse testing to include not more than 180 urinalysis tests, not more than 180 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

16. You must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt to obstruct or tamper with the testing methods. You must pay part or all of the costs of this treatment as directed by the probation officer.

17. You must not purchase, possess, use, distribute or

      administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

18. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

19. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

(*Id.* at 8–11.)

Accordingly, IT IS ORDERED that Judge Cavan's Findings and Recommendations (Doc. 88) is ADOPTED in full.

Gage Lawrence Carnefix shall be sentenced in conformity with Judge Cavan's recommendation in the judgment filed concurrently with this Order.

DATED this 14th day of April, 2025.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court